UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DENNIS MIRACLE**                                                                                          **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO. 3:16-CV-P346-JHM**

**AARON SMITH** *et al.*                                                           **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a civil rights action brought by a convicted prisoner. The Court has granted Plaintiff Dennis Miracle leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and Plaintiff will be allowed to amend his complaint.

**I. SUMMARY OF COMPLAINT**

Plaintiff is currently incarcerated at Kentucky State Reformatory (KSR). He brings this action against Defendants KSR Warden Aaron Smith, in both his official and individual capacities, and against "Correction Care Solutions" (CCS).

Plaintiff first complains that Defendants charge him a copay for his medication. Plaintiff then states that he needs "follow-up care for his stroke." Plaintiff further writes Defendants have denied him rehabilitation, physical therapy, medical care, an adequate mattress, wheelchair-accessible showers "from time to time," and "assistance to push Plaintiff around the yard." He also alleges that a KSR officer lost his wheelchair and that it was replaced with a wheelchair that had a hole or rip in the seat. Finally, Plaintiff alleges that he has "serious medical needs" and that this treatment has "been going on for about 7 years now."

Plaintiff claims that, through the above actions, Defendants have violated his rights under both the Eighth Amendment and the Americans with Disabilities Act (ADA).

As relief, Plaintiff seeks a "declaration that the acts described herein violate his rights under the Constitution and the law of the United States;" "a preliminary and permanent injunction ordering Defendants to cease their copay and give free medical to all prisoners;" "to give good and adequate medical care to all prisoners;" and $300,000 in both compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while

liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc*. v. *Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v*. *Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. 42 U.S.C. § 1983 and the Eighth Amendment

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

To satisfy the objective component of an Eighth Amendment deliberate indifference claim, Plaintiff must show the existence of a sufficiently serious medical need. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

3

attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004)). The subjective component of the Eighth Amendment standard is met "where a plaintiff demonstrates that prison officials acted with 'deliberate indifference' to a serious medical need," which "is the equivalent of 'recklessly disregarding that risk.'" *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008) (quoting *Farmer*, 511 U.S. at 836). In other words, "[s]atisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant prison official acted with a sufficiently culpable state of mind.'" *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

Here, Plaintiff seems to allege that he has serious medical needs which resulted from a stroke he had several years ago. However, Plaintiff does not specifically indicate what those serious medical needs are. He does not specify what his current diagnoses are or what treatment, rehabilitation, or physical therapy has been prescribed or recommended by a physician and/or other medical care provider based upon those diagnoses. Plaintiff also fails to identify the individuals who knew about his diagnoses and his prescribed and/or recommended treatment, and knowingly failed to provide with him with such. Finally, Plaintiff fails to allege what harm he suffered as a result of any individual's deliberate indifference. The Court, however, will allow Plaintiff to amend his complaint to add these details if he is able. *See LaFountain v. Harry,* 716 F.3d 944 (6th Cir. 2013) (a district court may allow a prisoner to amend a complaint to avoid *sua sponte* dismissal under the Prison Litigation Reform Act).

### 1. Defendant Warden Smith Official-Capacity Claim

Plaintiff sues Defendant Warden Smith in both his official and individual capacities. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendant Warden Smith is an officer of the Commonwealth of Kentucky, the claims brought against him in his official capacity are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, to the extent that Plaintiff seeks money damages from Defendant Warden Smith in his official capacity, he fails to allege cognizable claims against him under § 1983. The Eleventh Amendment also acts as a bar to claims for monetary damages against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, Plaintiff's § 1983 official-capacity claim against Defendant Warden Smith for monetary damages will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from a defendant who is immune from such relief.

### 2. Defendant Warden Smith Individual-Capacity Claim

In addition, although Plaintiff has also sued Defendant Warden Smith in his individual capacity under § 1983, he does not specify how Defendant Warden Smith personally violated his constitutional rights. Thus, the Court presumes that Plaintiff seeks to hold Defendant Warden Smith liable in his individual capacity as the supervisor of KSR. However, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

5

violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676. This is because the doctrine *of respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell,* 436 U.S. at 691 (1978); *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Thus, to the extent that Plaintiff seeks to hold Defendant Warden Smith liable in his individual capacity under § 1983 based upon his role as a supervisor at KSR, Plaintiff's claim fails and must be dismissed.

Here, Plaintiff has not alleged that any violation of his constitutional rights was caused by a custom or policy of CCS. For this reasons, Plaintiff's claim against Defendant CCS will be dismissed for failure to state a claim upon which relief may be granted.

### B. Americans with Disabilities Act

Plaintiff also states that he is bringing this action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Here, Plaintiff has failed to allege what disability he has and what services, programs, or activities he has been excluded from based upon his disability, or how he has otherwise been discriminated against. The Court, however, will also allow Plaintiff to amend his complaint to

add these details.  *See, e.g.*, No. 8:16CV217, *Brown v. Neb. Dep't. of Corr. Servs.*, 2016 U.S. Dist LEXIS 128831 (D.C. Neb. Sept. 21, 2016).

### 1. Defendant Warden Smith Individual-Capacity Claim

The Court will dismiss the ADA individual-capacity claim against Defendant Warden Smith because "the ADA does not provide for personal liability for defendants sued in their individual capacities." *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007).

### 2. Defendant CCS

The Court will also dismiss Plaintiff's ADA claims against Defendant CCS.  Under the ADA, "[t]he term 'public entity' means--(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131(1).  Although the Sixth Circuit has not considered whether a private contractor can be a "public entity" under Title II of the ADA, the Circuit courts that have spoken have held that a private contractor is not a "public entity" under the ADA.  *See, e.g.*, *Phillips v. Tiona*, 508 F. App'x 737, 748 (10th Cir. 2013) (unpublished) (holding that the ADA does not apply to private prisons); *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010) (same); *Green v. City of N.Y.*, 465 F.3d 65, 78-80 (2d Cir. 2006) (holding that a private hospital contracting with the City is not a public entity). In so holding, the courts determined that the term "instrumentality of a State" in Title II is "best read as referring to a creature of a state or municipality." *See Green,* 465 F.3d at 79.  Thus, even where a private entity contracts with the state to "perform a traditional and essential government function, it remains a private company, not a public entity." *Edison,* 604 F.3d at 1310 (citing *Green*, 465 F.3d at 79).

Thus, this Court too finds that Defendant CCS is not a "public entity" under § 12131 and is therefore not subject to suit under Title II. *See also Cox v. Jackson,* 579 F. Supp. 2d 831, 852-853 (E.D. Mich. 2008); *Pitts v. Hayman*, No. 07-2256, 2008 U.S. Dist. LEXIS 31650 (D.N.J. Apr. 16, 2008).

### C. Medical Fees

Finally, Plaintiff also complains that Defendants charge him a copay for his medication and that "medical tried to get Plaintiff to paid for a wheelchair." However, the Sixth Circuit has held that "it is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay." *White v. Corr. Med. Servs.*, 94 F. App'x 262, 262 (6th Cir. 2004); *see also Bailey v. Carter*, 15 F. App'x 245, 250 (6th Cir. 2001) (holding that Ohio law requiring fees for inmate medical visits did not violate the Eighth or Fourteenth Amendments).

Because Plaintiff has not alleged that he was denied necessary medical care, medications, or the use of a wheelchair because of his inability to pay, the Court will dismiss this claim for failure to state a claim upon which relief may be granted. As such, Plaintiff's request for a preliminary and permanent injunction that orders "Defendants to cease their copay and give free medical care all prisoners" will also be dismissed.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's 42 U.S.C § 1983 individual and official-capacity claims against Defendant Warden Smith are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (2), respectively, for failure to state a claim upon which relief may be granted and for seeking damages from a Defendant immune from such relief.

(2) Plaintiff's ADA claims against Defendant CCS and Defendant Warden Smith in his individual capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(3) Plaintiff's claim for medical fees and injunctive relief is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**(4) Within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he 1) specifies what his current diagnoses are or what treatment, rehabilitation, or physical therapy has been prescribed or recommended by a physician and/or other medical care provider based upon those diagnoses; 2) identifies and names as Defendants in their individual capacities the individuals who knew about these diagnoses, prescribed and/or recommended treatment, and knowingly failed to provide with him with such; 3) allege what harm he suffered as a result of these individual's actions.**

**(5) Within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff should also indicate in his amended complaint 1) what disability he suffers from; and 2) what services, programs, or activities he has been excluded from based upon his disability.**

**(6) Plaintiff should also submit a completed summons form for each newly named Defendant within the same 30-day period**.[1]

**(7)** The Court will conduct an initial review of Plaintiff's amended complaint pursuant to

---

[1] The Court offers the following guidance to Plaintiff in his completion of the summons forms:
(1) prepare a summons for each Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.

§ 1915A.  **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, the Court will dismiss Plaintiff's action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

(8) **The Clerk of Court is DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" affixed thereto so that Plaintiff can include the additional Defendants and allegations set forth above.  The **Clerk of Court also is DIRECTED** to send Plaintiff four blank summons forms.

Date: October 5, 2016

*[signature]*
Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011