UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DENNIS MIRACLE**                                                                             **PLAINTIFF**

v.                                                         **CIVIL ACTION NO. 3:16-CV-P346-JHM**

**AARON SMITH** *et al.*                                                           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a convicted prisoner. The Court has granted Plaintiff Dennis Miracle leave to proceed *in forma pauperis*. This matter is before the Court for screening of Plaintiff's amended complaint (DN 7) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed in part and allowed to continue in part.

### I. PRODEDURAL HISTORY

Plaintiff initiated this action on June 7, 2016. In his original complaint, Plaintiff alleged that Defendants Correct Care Solutions (CCS) and Kentucky State Reformatory (KSR) Warden Aaron Smith had violated his rights under both the Eighth Amendment and the Americans with Disabilities Act (ADA). Upon initial review of the complaint (DN 6), the Court held that Plaintiff had failed to state a claim upon which relief may be granted but allowed Plaintiff the opportunity to file an amended complaint. It is this amended complaint (DN 7) that is now before the Court for initial review.

### II. SUMMARY OF AMENDED COMPLAINT

In his amended complaint, Plaintiff indicates that he is suing CCS and the following three individual Defendants in both their official and individual capacities – KSR Warden Aaron Smith, Thad Manning, and Dr. Frederick Kemen. Plaintiff also lists Brenda Covington of the

"Records Dept" as a Defendant in the caption of his complaint. Plaintiff does not indicate in what capacity he sues Defendant Covington and does not mention her in the body of his amended complaint. However, beside her name is written: "Took 50 dallors cash my account and I would like reimbursed for it."

In the body of his amended complaint, Plaintiff alleges that his serious medical needs are that he has been diagnosed with a "stroke, some brain damage, COPD, and [the] right side of his body do not work right or some parts will not work at all." Plaintiff further states that he is "handicap and in a wheel chair and able to walk a short distance with a cane."

Plaintiff first contends that he has been denied adequate medical care by Defendant Manning. He states that Defendant Manning is not a licensed doctor and is not "competent to examine prisoners and diagnose illnesses and he write out medical orders and pills to prisoners." Plaintiff further states that he "cannot get physical therapy or any rehabilitation treatment because [Defendant] Manning will not order treatment."

With regard to Defendant Dr. Kemen, Plaintiff writes: "Medical personnel must be trained and have a Doctor licensed and [Defendant Manning] is not supervisor by Dr. Kemen at all. . . . Doctor Kemen do not supervisor or carefully hire Doctor to provide adequate medical personnel capable of evaluating and meeting . . . reasonable medical care her at KSR." Plaintiff further states: "1. the Doctor knews about his medical need and 2. Doctor failed to respond reasonably to it."

Plaintiff also alleges that he is "having a hard time getting his medicine or have to do when out his medicine for a long period of time."

Plaintiff also states that he has been denied wheelchair repairs and that "he is having to paid for a wheelchair." He also writes that "Lt. Hogan brought [him] a wheelchair that had a hole in the seat of [it] and they are saiding that Plaintiff done it and that is not rights."

Plaintiff further states that he has to "pay a $3.00 co-pay ever time to see a Doctor or sick call. Plaintiff is a ward of the Commonwealth's of Kentucky and should not have to paid a medical co-pay."

Finally, Plaintiff alleges that he is "refused physical therapy, any programs and treatment because of his Disability." He also claims, that because of his disability, he is "refused adequate bed space to turn his wheelchair around and no grab bar, no adequate matters, wheelchair-accessible shower and no assistance to push Plaintiff around the yard."

Plaintiff states that Defendants have violated his rights under the Eighth and Fourteenth Amendments and the Americans with Disabilities Act.

As relief, Plaintiff states that he is seeking monetary and punitive damages and proper medical care.

### III. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc.* v. *Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. ANALYSIS

### A. 42 U.S.C. § 1983

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

4

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### 1. Defendant KSR Warden Smith

Plaintiff sues Defendant Warden Smith under § 1983 in both his official and individual capacities. "[O]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 n.55 (1978). State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, to the extent that Plaintiff seeks money damages from Defendant Warden Smith in his official capacity, he fails to allege a cognizable claim against him under § 1983. The Eleventh Amendment also acts as a bar to claims for monetary damages against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Thus, Plaintiff's official-capacity claim against Defendant Warden Smith will be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from a Defendant immune from such relief.

Plaintiff also sues Defendant Warden Smith his individual capacity for his role as the supervisor of KSR. However, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676. This is because the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell,* 436 U.S. at 691 (1978); *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees'

misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Thus, because Plaintiff has failed to make allegations which suggest that Defendant Warden Smith's own actions violated Plaintiff's constitutional rights, the Court will dismiss Plaintiff's § 1983 claim against Defendant Warden Smith in his individual capacity for failure to state a claim upon which relief may be granted.

### 2. Defendant CCS

When a § 1983 claim is made against a municipality or a private corporation like CCS, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or private corporation is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). A private corporation is only liable when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Put another way, neither municipalities nor private corporations like CCS can be held liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of *respondeat superior*. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).

Here, Plaintiff has not alleged the existence of a policy or custom by which CCS could have caused the deprivation of his constitutional rights.[1] Thus, as set forth in the Court's initial

---

[1] Plaintiff does allege that he has "to pay a $3.00 co-pay ever time to see a Doctor or sick call" and that "a ward of the state" should not have " to paid a medical co-pay." It is not clear whether Plaintiff attributes this policy to KSR or CCS. Nonetheless, as stated in the Court's initial review of Plaintiff's original complaint (DN 6), the Sixth Circuit has held that "it is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay." *White v. Corr. Med. Servs.*, 94 F. App'x 262, 262 (6th Cir. 2004); *see also Bailey v. Carter*, 15 F. App'x 245, 250 (6th Cir. 2001) (holding that Ohio law requiring fees for inmate medical visits did not violate Eighth or Fourteenth Amendments). Here, Plaintiff does not allege that he was denied

review of Plaintiff's original complaint, any claim against CCS fails because Plaintiff has failed to state a claim upon which relief will be granted.

### 3. Official-Capacity Claims against Defendants Covington, Dr. Kemen, and Manning

It is not clear from Plaintiff's complaint whether Defendants Covington, Dr. Kemen, and Manning are employees of KSR or CCS. However, because the Court has determined that Plaintiff has failed to state a claim upon which relief can be granted against either of these entities, it will also dismiss Plaintiff's official-capacity claims these Defendants.

### 4. Eighth Amendment Claim for Deliberate Indifference to a Serious Medical Need

"[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). An Eighth Amendment claim has an objective and subjective component. *Comstock*, 273 F.3d at 702. Satisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component "ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

#### a. Individual-Capacity Claim against Defendant Dr. Kemen

In his amended complaint, Plaintiff alleges that Defendant Dr. Kemen failed to adequately supervise Defendant Manning. Plaintiff also states that "1. the Doctor knews about his medical need and 2. Doctor failed to respond reasonably to it." These allegations are not sufficient to support an individual-capacity claim against Dr. Kemen under the Eighth Amendment for deliberate indifference to a serious medical need.

---

medical care for failure to pay any fee. Thus, his allegations do not support a claim of an unconstitutional custom or policy.

With regard to Plaintiff's first allegation regarding his failure to adequately supervise Defendant Manning, the Court again notes that § 1983 liability "must be based on more than *respondeat superior*, or the right to control employees." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Indeed, the Sixth Circuit has specifically held that a medical services supervisor cannot be held individually liable under § 1983 based upon general allegations of failing to properly supervise and train nurses which resulted in the nurses making allegedly "inadequate and incompetent medical determinations." *Broyles v. Corr. Med. Servs*, 478 F. App'x 971, 977 (6th Cir. 2012). The court held that, at a minimum, the plaintiff must show that that "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* at 977 (citing *Shehee*, 199 F.3d at 300). Thus, Plaintiff's claim against Defendant Dr. Kemen for failing to properly supervise Defendant Manning fails to state a claim upon which relief may be granted.

However, Plaintiff also alleges that that "1. the Doctor knews about his medical need and 2. Doctor failed to respond reasonably to it." Under the Eighth Amendment, a serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004)). The subjective component of the Eighth Amendment standard is met "where a plaintiff demonstrates that prison officials acted with 'deliberate indifference' to a serious medical need," which "is the equivalent of 'recklessly disregarding that risk.'" Here, Plaintiff has alleged that his serious medical conditions include having a "stroke, COPD, and [the] right side of his body do not work right or some parts will not work at all." However, even if the Court accepts that these are indeed serious medical conditions, Plaintiff has included no

allegations which set forth how Defendant Dr. Kemen was deliberately indifferent to these medical needs.

For these reasons, the Court will dismiss Plaintiff's Eighth Amendment deliberate indifference claims against Defendant Dr. Kemen in his individual capacity.

### b. Individual-Capacity Claim against Defendant Manning

With regard to Defendant Manning, Plaintiff alleges that he "cannot get physical therapy or any rehabilitation treatment" for his serious medical needs "because [Defendant] Manning will not order treatment." The Court will allow Plaintiff's individual-capacity Eighth Amendment claim against Defendant Manning to proceed at this time.

### c. Failure to Regularly Provide Medication

Plaintiff further alleges that he is "having a hard time getting his medicine or have to do when out his medicine for a long period of time." However, Plaintiff has failed to allege what individual or individuals were responsible for failing to regularly provide Plaintiff with his medication. Moreover, he gives no indication that the problems with his medication were not caused by mere negligence, which does not give rise to a § 1983 claim. *Estelle v. Gamble*, 429 U.S. at 106. Therefore, the Court can only speculate as to whether some named or unnamed individual acted with reckless disregard to his serious medical needs with regard to this claim. A district court should not, however, be required to guess or speculate about the basis of a plaintiff's civil rights claim. Rule 8(a) of the Federal Rules of Civil Procedure states that a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." As previously explained, to state a claim sufficient to survive screening, a plaintiff must allege facts which are sufficient to give a defendant fair notice of the claim. *Twombly*, 550 U.S. at 555, n.3; *Iqbal*, 556 U.S. at 678 (holding that a court need not

9

accept threadbare recitals of the elements of a cause of action supported by conclusory statements); *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (holding that conclusory allegations of unconstitutional conduct without specific factual allegations failed to state a claim). Thus, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted with regard to his medication. In so holding, the Court notes that Plaintiff has already been allowed an opportunity to amend his complaint.

### 5. Fourteenth Amendment Equal Protection Claim

In his amended complaint, Plaintiff also claims that his Fourteenth Amendment right to equal protection has been violated because he has been denied wheelchair repairs and "is having to paid for a wheelchair."[2]

The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312, 96 S. Ct. 2562, 49 L. Ed. 2d 520 (1976). "[P]risoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005); *see also Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). In addition, the Supreme Court squarely has held that disability is not a suspect or quasi-suspect class under the Equal Protection Clause. *See Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 367-68 (2001) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 442-47 (1985)).

---

[2] In his original complaint, Plaintiff also claimed that his rights were violated by Defendants because they tried to get Plaintiff to pay for a wheelchair. However, the Court dismissed this claim in accordance with *White v. Corr. Med. Servs.*, 94 F. App'x 262, 262 (6th Cir. 2004), and *Bailey v. Carter*, 15 F. App'x 245, 250 (6th Cir. 2001), because Plaintiff had not alleged that he had been denied the use of a wheelchair due to his inability to pay.

Thus, Plaintiff's equal protection claim fails to state a claim upon which relief may be granted.

### 6. Deprivation of Property Claim

Plaintiff alleges that Defendant Covington "took 50 dallors cash my account and I would like reimbursed for it." As stated above, Plaintiff does not indicate what in what capacity he sues Defendant Covington. However, even if the Court were to construe this language as attempting to state a due process claim against Defendant Covington in her individual capacity, his claim would still fail.

The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Fourteenth Amendment's Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, (1986). In order to assert a claim for deprivation of property without due process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44. Similarly, the Sixth Circuit has stated, "in section 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt. Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

Thus, to the extent that Plaintiff seeks to bring a § 1983 claim against Defendant Covington in her individual capacity, the Court will dismiss it for failure to state a claim upon which relief may be granted.

### B. Americans with Disabilities Act

Finally, Plaintiff alleges that his rights have been violated under Title II of the ADA because he has been "refused adequate bed space to turn his wheelchair around and no grab bar, no adequate matters, wheelchair-accessible shower and no assistance to push Plaintiff around the yard."

Title II of the ADA "provides that no qualified individual with a disability shall, because of that disability, 'be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Mingus v. Butler*, 591 F.3d 474, 481-82 (6th Cir. 2010) (citing 42 U.S.C. § 12132).

#### 1. Official-Capacity Claim against Defendant Warden Smith

The Supreme Court has held that Title II of the ADA applies to state prisons and inmates. *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210-12(1998) (noting that the phrase "services, programs, or activities" in § 12132 includes recreational, medical, educational, and vocational prison programs). Upon review, the Court concludes that Plaintiff's allegations are sufficient to warrant service of Plaintiff's official-capacity ADA claim on Defendant Warden Smith.

#### 2. Defendant CCS

As the Court noted in its initial review of Plaintiff's original complaint, Defendant CCS cannot be held liable under the ADA because it is not a "public entity" under § 12131 and is therefore not subject to suit under Title II.

### 3. Individual-Capacity Claims against all Defendants

Finally, the Court notes that it has already dismissed the ADA individual-capacity claim against Defendant Warden Smith because "the ADA does not provide for personal liability for defendants sued in their individual capacities." *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007). For this same reason, the Court will dismiss any additional individual-capacity claims Plaintiff has brought under the ADA against the other Defendants.

### V. CONCLUSION

For the foregoing reasons**, IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's 42 U.S.C. § 1983 claims against CCS and all Defendants in their official capacities for monetary relief are **DISMISSED** to 28 U.S.C. § 1915A(b)(1) and (2), respectively, for failure to state a claim upon which relief may be granted and for seeking damages from a Defendant immune from such relief.

(2) Plaintiff's 42 U.S.C. § 1983 individual-capacity claims against Defendants Warden Smith, Dr. Kemen, and Brenda Covington are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(3) Plaintiff's ADA claims against CCS and all Defendants except Defendant Warden Smith in his official-capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(4) The Clerk of Court is **DIRECTED to terminate Defendants Dr. Kemen and Brenda Covington** as parties to this action.

The Court will enter a separate Scheduling Order to govern Plaintiff's continuing claims.

Date: November 28, 2016

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011