# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**DENNIS MIRACLE**                                                  **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 3:16-CV-P346-JHM**

**AARON SMITH** *et al.*                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon motions by Defendant Warden Aaron Smith (DN 20) and Defendant Dr. Thad Manning (DN 22) to dismiss this action because Plaintiff Dennis Miracle has failed to notify the Clerk of Court and opposing parties of his change of address. For the following reasons, Defendants' motions to dismiss will be granted.

Plaintiff initiated this *pro se* prisoner civil rights action under 42 U.S.C. § 1983 on June 7, 2016. He then filed an amended complaint on October 27, 2016 (DN 7); a motion for leave to amend his complaint on December 7, 2016 (DN 12); and a request for the production of documents on January 9, 2017 (DN 17).

Defendant Smith filed his motion to dismiss on February 9, 2017. In support of his motion, Defendant Smith attaches exhibits which show that Plaintiff is no longer incarcerated at Kentucky State Reformatory (KSR), which is his address of record in this case. The first exhibit shows that a mailing Defendant Smith sent to Plaintiff at KSR in January 2017 was returned to sender as "Unable to Forward." (DN 20-1, Exh. 1). The second exhibit shows that Plaintiff was discharged from KSR on January 6, 2017. (DN 20-2, Exh. 2). Defendant Smith has also filed a Notice of Returned Mail which shows that he attempted to send Plaintiff mail to the address listed on the Notice of Discharge but that this was returned as well and marked "Return to Sender, Attempted – Not Known, Unable to Forward" (DN 24-1, Exh. 1). In his motion, which was filed on February 17, 2017, Defendant Manning also argues for dismissal of this action

based upon Plaintiff's failure to update his address. Plaintiff has not responded to either Defendant's motion, and the time for filing a response has now passed. Moreover, it has now been over three months since the Notice of Discharge indicates Plaintiff was released from KSR.

In the Scheduling Order entered on November 29, 2016, the Court advised Plaintiff that "[s]hould [he] change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendants' counsel. *See* LR 5.2(e)." (DN 11, Scheduling Order and Order Regarding Service). This Order also warned Plaintiff that his failure to "notify the Clerk of Court of any address change" may result in dismissal of this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. Thus, because Plaintiff has failed to comply with this Court's Local Rules and its Scheduling Order by failing to provide written notice of a change of address, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2017 U.S. Dist.

LEXIS 15392, at *2 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

For these reasons, **IT IS HEREBY ORDERED** that the motions to dismiss (DNs 20 & 22) are **GRANTED**.  The Court will enter a separate Order dismissing this action.

Date: April 26, 2017

                                                                                                       *Joseph H. McKinley*
                                                                                    **Joseph H. McKinley, Jr., Chief Judge**
                                                                                          United States District Court

cc:     Plaintiff, *pro se*
          Counsel of Record
4414.010